UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SALLIE PEELER, on behalf of herself and all others similarly situated, ) ) | |
|       Plaintiff, ) ) | |
| vs. ) ) | 1:01-cv-983-RLY-TAB |
| MCI WORLDCOM, INC. and MCI WORLDCOM Network Services, Inc., ) ) | |
|       Defendants. ) ) | |
| MCI WORLDCOM Network Services, Inc., ) | |
|       Counterclaimant, ) ) | |
| vs. ) ) | |
| AREA BELOW THE SURFACE OF LAND LOCATED IN HAMILTON COUNTY, INDIANA, CONSISTING OF 1028 FEET MORE OR LESS, SALLIE N. PEELER, and Unknown Owners, ) ) ) ) ) | |
|       Counterclaim Defendants. ) | |

**ORDER ON PLAINTIFF'S SUBSTITUTED MOTION TO REMAND**

Plaintiff Sallie Peeler ("Plaintiff"), moves to remand her case back to the Hamilton Superior Court. For the reasons explained below, the court hereby **GRANTS** Plaintiff's motion.

**I.   Background**

On June 28, 2001, Plaintiff initiated this litigation by filing a Verified Petition for Temporary Restraining Order and Preliminary Injunction in the Hamilton Superior Court.

1

The Court granted a temporary restraining order in favor of Plaintiff.  On July 5, 2001, defendant MCI WorldCom Network Services, Inc. ("MCI")[1], removed the action to this court on the basis of diversity of citizenship.  MCI, Inc. and MCI WorldCom Network Services, Inc., at the time of removal, were business entities incorporated in Delaware with their principal place of business in Mississippi.  Defendants are now wholly-owned, indirect subsidiaries of Verizon Communications, Inc., a Delaware corporation with its principal place of business in New York.  As part of its Verified Notice of Removal of Civil Action, MCI alleged that the amount in controversy exceeded the $75,000 statutory threshold because the economic impact of an injunction against MCI would far exceed that amount.

Also on July 5, 2001, Plaintiff filed her Class Action Complaint, asserting the following causes of action: (I) trespass; (II) ejectment; (III) unjust enrichment; (IV) declaratory relief (as to rights to exercise dominion and control over subsurface rights); (V) statutory treble damages and attorneys' fees; and (VI) injunctive relief.

On July 17, 2001, the court conducted a hearing on Plaintiff's Motion for Permanent, or in the Alternative, Preliminary Injunctive Relief.  The court denied Plaintiff's request for injunctive relief in an Entry dated July 31, 2001.  Plaintiff initiated an appeal to the Seventh Circuit that same day.

---

[1] At the time Plaintiff filed this action, the defendants were then known as MCI WorldCom, Inc., and MCI WorldCom Network Services.  As a result of the bankruptcy, these entities are now known as MCI, Inc. and MCI WorldCom Network Services, Inc.  For purposes of this motion, the entities are referred to collectively as "Defendants" or "MCI" as to all matters occurring since the filing of this action.

On November 30, 2001, MCI filed a counterclaim for condemnation of Plaintiff's property, which was subsequently amended on December 13, 2001.

On July 21, 2002, MCI and certain of its affiliates filed petitions for relief in the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of Title 11 of the United States Code, and provided notice to this court of that filing on July 26, 2001. All proceedings before the appellate and district courts were thus stayed.

On May 8, 2006, shortly after the bankruptcy stay was lifted, the Seventh Circuit issued an opinion, noting that "[e]vents during the pendency of [Plaintiff's] appeal make it unnecessary to decide whether the district judge erred." *Peeler v. MCI, Inc.*, 447 F.3d 992, 993 (7th Cir. 2006). These events included (1) MCI's completion of the installation of the fiber optic cable that was at issue; and (2) the general discharge MCI received in bankruptcy which extinguished her principal claims – "that Indiana law requires a deposit of compensation before a public utility may lay cable under a railroad right-of-way, and that the existence and use of the cable without compensation are trespasses." *Id*. The Court found that Plaintiff's case is not moot, however, as any future entry onto her land by MCI would constitute a "fresh injurious act." *Id*. With respect to this surviving claim, the Court invited this court to consider whether to retain jurisdiction over this case:

> All controversy about the cable's existence and use having been resolved by the bankruptcy, however, the remaining dispute about access to the fiber boxes (the one near [Plaintiff's] land and 12 others along the Monon Trail) likely is worth less than $75,000. If so, that claim would depend on supplemental jurisdiction, for it would not have supported removal

>   independently. If the jurisdictional amount is not satisfied with respect to this distinct claim for relief, the district court should consider returning this case to state court.

*Id*. at 994.

In reliance on the Court's opinion, Plaintiff filed her motion to remand on May 4, 2007.

**II.     Discussion**

28 U.S.C. § 1332(a) provides that federal district courts shall have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). The parties agree that the parties are citizens of different states; thus, the only element in dispute is with respect to the amount in controversy.

Generally, the Seventh Circuit determines the applicability of diversity jurisdiction as of the date of removal. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) (concluding that the relevant date for determining whether the amount-in-controversy requirements has been met is the date of removal, not the date of the original complaint). However, this case presents itself in a very unusual posture. Plaintiff's original claims have been discharged as a result of MCI's bankruptcy; thus, it is as though Plaintiff's case is starting anew. More significantly, the Seventh Circuit essentially directed the court to revisit this issue. Accordingly, the court revisits the issue of jurisdiction.

As stated previously, Plaintiff's remaining claims are with respect to MCI's right

to re-enter for purposes of repair and maintenance to the fiber box and the related request for injunctive relief. MCI contends that Plaintiff's request for injunctive relief is worth more than the jurisdictional minimum. In support, it cites to the affidavit of Jeffrey W. Bryce, which was originally filed as Exhibit C to MCI's Verified Notice of Removal of Action on July 3, 2001. At that time, Mr. Bryce was employed as a manager of permitting, right-of-way, and construction for MCI's Midwest region. (At the time Mr. Bryce filed his affidavit, Plaintiff's request for injunctive relief sought to enjoin the installation and operation of the fiber optic cable along the Monon Trail). Mr. Bryce testified that the cost of an injunction would cause MCI great financial losses – specifically, "[d]epending upon the services provided (i.e., the speed capacity and the type of communications sold whether voice, video, or data), [MCI] could lose approximately $30,000 to $60,000 per fiber per month in sales." *Id*. ¶ 8. Mr. Bryce further opined that, if it were necessary to locate an alternate route, his "best estimate for such re-routing would be $250,000." *Id.* ¶ 7. Based on that affidavit, MCI concludes: "Just as enjoining installation and operation of the fiber optic cable along the Monon Trail would have had an economic impact on MCI greater than $75,000, so too would enjoining future entry for purposes of repair and maintenance along the trail." (MCI's Response at 10).

MCI's reliance on Mr. Bryce's six-year-old affidavit is misplaced. Nothing in the affidavit suggests that Mr. Bryce has personal knowledge of the financial losses that would occur if MCI was denied access to Plaintiff's property to repair and/or maintain the

fiber optic box[2] to repair the cables.  Moreover, MCI produces no evidence by which the court could determine the likelihood or frequency of the need to repair the subject fiber optic cables.  Thus, MCI's only evidence in support of its contention that the cost of an injunction to MCI exceeds the statutory threshold of $75,000 is based upon nothing more than speculation.

As the party seeking to invoke the diversity jurisdiction of this court, MCI bore the burden of proving that the amount-in-controversy requirement was met.  *See* 28 U.S.C. § 1332; *Chase v. Shop 'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).  It has failed in that regard.  The court therefore finds that it does not have diversity jurisdiction over Plaintiff's claim.  As this case involved issues of purely state law, the court elects to relinquish supplemental jurisdiction over Plaintiff's claims.

### III. Conclusion

For the reasons explained above, the court hereby **GRANTS** Plaintiff's Substituted Motion to Remand (Docket # 5) and **REMANDS** this case back to the Hamilton Superior Court.

**SO ORDERED** this 6th  day of September 2007.

                                                                    RICHARD L. YOUNG, JUDGE
                                                                    United States District Court
                                                                    Southern District of Indiana

---

[2] The issue of whether the fiber optic box is located on Plaintiff's property is a disputed issue.

Electronic Copies to:

Nels John Ackerson
ACKERSON KAUFFMAN FEX PC
nackerson@ackersonlaw.com

Kathleen I. Hart
BOSE MCKINNEY & EVANS, LLP
khart@boselaw.com

Vilda Samuel Laurin III
BOSE MCKINNEY & EVANS, LLP
slaurin@boselaw.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com